# EXHIBIT A

E-FILED IN OFFICE - KMS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-08788-S7
11/28/2023 7:04 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Dionna Young**

PLAINTIFF

CIVIL ACTION NUMBER: 23-C-08788-S7

VS.

**Otis Elevator Company, ABC Corporation and John Doe**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Attorney Michael Ivan-Ivan Law Firm, PC
PO Box 682765, Marietta, GA 30068
Phone (770) 729-4773, Fax (404) 935-0641
Email: mivanlaw@yahoo.com

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This ________ day of ______________, 20____.**
29th day of November, 2023

**Tiana P. Garner**
**Clerk of State Court**

**By** [signature]
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-08788-S7
11/28/2023 7:04 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DIONNA YOUNG, a person | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action File # |
| | * | |
| OTIS ELEVATOR COMPANY, a New Jersey Corporation, ABC Corporation, John Doe, a person, | * | 23-C-08788-S7 |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT**

Plaintiff brings this Complaint against the above-named Defendants, and shows to the Court:

**PARTIES AND JURISDICTION**

1.

Defendant Otis Elevator Company (hereinafter referred to as "Otis Elevator") is a Foreign Profit Corporation, licensed to do business in Georgia, including Gwinnett County, has its registered agent in Gwinnett County, Georgia, and is subject to the jurisdiction of this Court.

2.

Otis Elevator, can be served through its registered agent C T Corporation System, located at 289 S Culver St, Lawrenceville, GA 30046.

3.

Venue is proper as to Defendant Otis Elevator.

4.

Defendant John Doe is an employee working for one of the named Defendants.

5.

Defendant John Doe can be served once his/her identity is known.

6.

Venue is proper as to Defendant John Doe.

7.

ABC Corp. is an unknown entity authorized to conduct business in Georgia.

8.

ABC Corp. is a corporation, PA, LLC, LLP, partnership and/or sole practitioner.

9.

Venue is proper as to ABC Corp.

10.

With respect to any Defendants who are foreign and/or out-of-state entities of any kind, there is a direct nexus between them conducting business that involved the State of Georgia, and the incident, which is the subject of this action, thereby making them subject to the jurisdiction of this Honorable Court pursuant to O.C.G.A. § 9-10-91.

**STATEMENT OF FACTS**

11.

On or around January 14, 2022, Plaintiff Dionna Young was entering an elevator serviced by Otis Elevator while she was at work at Piedmont Medical Care, located at 1255 Highway 54, Fayetteville, Georgia, 30214.

12.

After entering the elevator on the 5th floor, Plaintiff Dionna Young pressed the button for the first floor. The elevator shook before dropping all the way to the first floor.

13.

There were no signs or indications in or around the elevator to warn anyone riding of any malfunction, need of servicing, or reason to take precautions.

14.

Plaintiff Dionna Young suffered injuries due to this incident.

15.

One or more of the named Defendants, ABC Corporation, and/or John Doe either by themselves, in conjunction with one or more of the other Defendants, was responsible for maintaining the elevator that was the source of Plaintiff's injuries.

16.

Defendant ABC CORPORATION functions as a parent, subcontractor, and/or subsidiary of one or more of the other Defendants.

## NEGLIGENCE/LIABILITY

17.

Plaintiff Dionna Young was an employee at Piedmont Medical Care at the time of the incident, and the building where this incident took place had a contract with Otis Elevator to service its elevators.

18.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Dionna Young, as it did all of its customers, a duty to exercise ordinary care in regards to maintaining the elevator properly so as not to create dangerous conditions for customers using the facilities for their regular and intended use.

19.

By failing to properly maintain the elevator that caused Plaintiff Dionna Young's injuries, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

20.

One, some, or all of the Defendant's breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

21.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Dionna Young, as it did all of its customers, a duty to correctly repair the elevators as to make them safe for customers using the facilities for their regular and intended use.

22.

By failing to correctly repair the elevator about which it had actual knowledge, One, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

23.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

24.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Dionna Young, as it did all of its customers, a duty to make repairs to the elevator in a way which would make them safe for customers using the facilities for their regular and intended use.

25.

By failing to correctly repair the elevator about which it had constructive knowledge, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

26.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

27.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Dionna Young, as it did all of its customers, a duty to warn their customers of dangerous conditions about which it had actual knowledge.

28.

By failing to put out warnings to customers about the faulty elevator in question, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

29.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

30.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Dionna Young, as it did all of its customers, a duty to warn their customers of dangerous conditions about which it had constructive knowledge.

31.

By failing to put out warnings to customers about the faulty elevator in question, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

32.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

33.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Dionna Young, as it did all of its customers, a duty to routinely check the elevators so as to discover dangerous conditions that could then be remedied.

34.

By failing to do routine checks of the elevator in question, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

35.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

36.

All Defendants are responsible for the actions and/or omissions and/or inactions of employees, agents or any other person acting on its behalf including, but not limited to, Defendant John Doe.

37.

One, some, or all of the Defendants had a duty to properly train its employees so that those employees were maintaining and repairing the elevators in a safe manner so as to avoid injury to its customers while they were acting in a reasonable and foreseeable manner.

38.

One, some, or all of the Defendants breached that duty by failing to properly train its employees as stated in Count 37.

39.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

40.

One, some, or all of the Defendants had a duty to exercise ordinary care in the hiring and firing of its employees to ensure to its customers that those maintaining and repairing the elevators were competent to do so.

41.

One, some, or all of the Defendants breached that duty by hiring and/or not firing employees who were involved in the incident which makes up the subject of this litigation.

42.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

43.

One, some, or all of the Defendants, by and through their employees while working within the course and scope of their employment, had a duty to keep the elevators in a manner that was safe for customers using them at the time in a foreseeable manner.

44.

By failing to properly maintain and repair the elevator, and without warning, one, some, or all of the Defendants breached that duty.

45.

One, some, or all of the Defendants' breach is the sole and proximate cause of the injuries and damages Plaintiff suffered due to this incident.

46.

One, some, or all of the Defendants had a duty to properly train its employees in how to perform maintenance and repair work to make sure that the results of the work are safe for the intended use of the building.

47.

By failing to properly train their employees to safely do the maintenance and repair work on the elevators in a manner that was safe for customers using the clinic in a foreseeable manner, one, some, or all of the Defendants breached that duty.

48.

One, some, or all of the Defendants' breach is the sole and proximate cause of the injuries and damages Plaintiff suffered due to this incident.

49.

Defendant ABC Corporation is responsible for the actions and/or omissions and/or inactions of employees, agents or any other person acting on its behalf including, but not limited to, Defendant John Doe.

50.

Defendant(s) committed other acts of negligence, which are both known and unknown at this time, which resulted in injury to Plaintiff Dionna Young.

51.

Defendant(s) committed other omissions, which are both known and unknown at this time, which resulted in injury to Plaintiff Dionna Young.

**INJURIES AND SPECIAL DAMAGES**

52.

As a result of Defendants' negligence, Plaintiff Dionna Young suffered injuries requiring medical treatment.

53.

Plaintiff Dionna Young's past medical expenses are as follows:

| | |
|---|---|
| Piedmont Urgent Care by Wellstreet | $ 428.97 |
| Orthopedic & Spine Surgery of Atlanta | $28,660.34 |
| Physiotherapy Associates | $ 7,425.00 |
| Peachtree Orthopedic Clinic | $ 3,010.64 |
| Georgia Spine & Orthopedics | $20,347.10 |

*Additional treatment and lost wages may be supplemented.

54.

Plaintiff Dionna Young's future medical expenses are in an amount yet to be determined.

55.

Plaintiff Dionna Young's permanent disability is yet to be determined.

56.

As a result of Defendants' negligence, Plaintiff Dionna Young suffered serious personal injury, including, but not limited to, medical expenses, past and present, as well as physical and mental pain and suffering and lost wages.

WHEREFORE, Plaintiff prays:

1) That Defendants be served with summons, process and a copy of this Complaint as provided by law;

2) That Plaintiff obtain judgment against Defendants for special and general damages, past and future, including pain and suffering, as determined at trial as well as attorney fees, costs of litigation and expenses in an amount to determined by a jury;

3) For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 28th day of November 2023.

/s/ *Michael J. Ivan*

Michael Ivan
Ga. Bar #: 385115
Attorney for Plaintiff

Ivan Law Firm, P.C.
P.O. Box 682765
Marietta, GA 30068
Phone (770) 729-4773
Fax (404) 935-0641